[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15237
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00059-CR-CC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS DAVID GARCIA-RIVERA,
a.k.a. Lechon,
a.k.a. Gordo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 12, 2009)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos David Garcia-Rivera appeals his 18-month sentence for escaping from federal custody, his conviction being pursuant to 18 U.S.C. § 751.

Garcia-Rivera argues that, while the mechanics used by the district court to impose his sentence were correct, the resulting sentence was unreasonable, and the fact that his sentence was within the Guidelines range did not make it reasonable. Garcia-Rivera argues that a review of the § 3553 factors as they apply to his situation shows that his sentence was substantively unreasonable because: (1) the nature of his offense was non-violent, and he did not commit any new offenses while out of custody but instead worked; (2) he was originally in custody for a drug offense committed in order to pay for his father's funeral; (3) imposing the lower sentence would not have had a diminished impact on him or other inmates at the camp; (4) a reasonable person would believe that being sentenced to additional time, even a year, for escape would have a deterrent effect; and (5) his criminal history gave no indication that the public needed to be protected from him due to a risk of violence as none of his convictions were for violent offenses.

We review the final sentence imposed by the district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The Supreme Court has clarified that the reasonableness standard means review of sentences for abuse of discretion. Gall v. United States, 552 U.S. __, 128 S. Ct.

2

586, 597 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. Id. If there are no procedural errors, we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. Id. Such review entails determining whether the district court erred in finding that the sentence is supported by the § 3553(a) factors. Id. at 600. Reasonableness review is deferential, there is a "range of reasonable sentences from which the district court may choose," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Although we do not apply a presumption of reasonableness, we will ordinarily expect a sentence within the Guidelines range to be reasonable. Id.

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Guidelines

3

range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The district court gave Garcia-Rivera a sentence at the low end of the applicable Guidelines range for escaping from federal custody. The district court noted that a sentence under the Guidelines range and a sentence under the § 3553(a) factors would be essentially the same. Based on seriousness of the offense, Garcia-Rivera's criminal history, and the rest of the § 3553(a) factors, the district court did not abuse its discretion in determining that a sentence at the low end of the Guidelines range was reasonable.

We conclude that, because the district court properly considered the § 3553(a) factors, the advisory Guidelines range, the Presentence Investigation Report, and the parties' arguments as to an appropriate sentence, and because the district court committed no procedural errors and imposed a reasonable sentence, the district court did not err in imposing an 18-month sentence. Garcia-Rivera's sentence is affirmed.

**AFFIRMED.**